GEOFFREY E. WIGGS (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

In re: ) Chapter 11
)
**GLENN DAVIS WONG**, ) Case No. 10-33425-DM-11
)
)
Debtor. ) Adversary No: 18-03045
)
**GLENN DAVIS WONG,** )
) **APPLICATION FOR INJUNCTIVE**
Plaintiff, ) **RELIEF AGAINST NEW PENN**
) **FINANCIAL, LLC AND SHELLPOINT**
v. ) **MORTGAGE SERVICING**
**SHELLPOINT MORTGAGE SERVICING,** )
**NEW PENN FINANCIAL, LLC, doing** )
**business as SHELLPOINT MORTGAGE** )
**SERVICING,** )
)
Defendant. )
)
)

**TO: THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE**:

Plaintiff Glenn Davis Wong (hereinafter "**Wong**") by and through his attorney respectfully requests the Court grant a Temporary Restraining Order preventing **Shellpoint Mortgage Servicing, New Penn Financial, Llc, doing business as Shellpoint Mortgage Servicing** (collectively "**Defendant**") from conducting a foreclosure sale on **Wong's** real property located at 3106 East Laurel Creek Road, Belmont, California 94002 (the "Subject Property") currently scheduled for **August 8, 2018**.

- 1 -

APPLICATION FOR INJUNCTIVE RELIEF

Adversary No. 18-03045
Case # 10-33425-DM-11

**Defendant** holds the first deed of trust on the Subject Property. **Defendant Shellpoint Mortgage Servicing** is the current servicer for this mortgage. At the time **Wong** was in active bankruptcy the loan was held by BAC Home Loan Servicing/Bank of New York. BAC Home Loan Servicing/Bank of New York was an active participant in **Wong's** Chapter 11 plan.

**Wong's** Chapter 11 plan was confirmed October 27, 2011. Pursuant to the terms of the plan, the mortgage was deemed **contractually current** with the principal balance of the mortgage valued at $620,588 as of the date of confirmation.

Subsequent to the confirmation of Wong's Chapter 11 plan, the interest of BAC Home Loan Servicing/Bank of New York was assigned to **Defendant**.

After receiving assignment of the mortgage **Defendant** made an erroneous determination that **Wong** was more than six months behind in payments on the mortgage and, in November 2016, began rejecting **Wong's** monthly payments.

On information and belief **Wong** is currently approximately eighteen (18) months in arrears due to the repeated and unwarranted refusal by **Defendant** to accept payments on Wong's account. He stands ready to pay the legitimate arrears in full. However, **Defendant** erroneously believes that **Wong** is liable for arrearages that occurred pre-petition and is demanding **Wong** pay approximately 23 **months** of arrears to reinstate the mortgage.

**Wong** and his attorneys have worked diligently to resolve this error with **Defendant** over the past year. In response to **Wong's** requests, **Defendant** has provided a limited accounting of transactions related to the Subject Property mortgage. Through analysis of this data it is apparent that BAC Home Loan Servicing/Bank of New York, **Defendant**, or some other prior servicer failed to properly reinstate the subject mortgage according to the terms of **Wong's** confirmed Chapter 11 plan or reset the due date for post-confirmation payments.

APPLICATION FOR INJUNCTIVE RELIEF

Adversary No. 18-03045
Case # 10-33425-DM-11

**Defendant** has scheduled a foreclosure sale of the Subject Property for Wednesday, August 8, 2018 at 1:00 pm. **Wong's** Counsel has reached out to **Defendant's** representatives repeatedly, requesting that **Defendant** recognize its accounting error or postpone the scheduled foreclosure to allow for resolution of the underlying adversary proceeding in this matter. However **Defendant** does not recognize that errors have been made in this accounting and is unwilling to delay the impending foreclosure sale.

**Defendant's** agents have stated they are either unwilling or unable to temporarily delay the foreclosure sale without full reinstatement. Given the immediacy of the planned sale date and the inability of **Defendant** to recognize their accounting error, **Wong** respectfully requests that the Court temporarily enjoin **Defendant's** planned foreclosure sale.

**Wong** requests this Temporary Restraining Order to preserve the *status quo ante* of the ownership of the Subject Property pending resolution of the underlying accounting errors committed by **Defendant** or its predecessors in interest.

## I. JURISDICTION

1. This court has exclusive jurisdiction of the underlying adversary proceeding pursuant to 28 U.S.C. § 157(b)(1).
2. Pursuant to Federal Rule of Bankruptcy Procedure 7008(a), Defendant states that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b).
3. The underlying Adversary Proceeding is related to **Wong's** confirmed Chapter 11 plan of reorganization, case number 10-33425-DM-11 and the adjustment and continuance of certain classes of debts therein.

## II. PARTIES

4. Plaintiff/Debtor Glenn Davis Wong ("**Wong**") is an individual and the Chapter 11 debtor in the case *In re Glenn Davis Wong*, case number 10-33425, Northern District of California, San Francisco Division.

5. **Wong** tendered his proposed Chapter 11 plan of reorganization on October 20, 2011. **Exhibit 1**.

6. **Wong** received confirmation of his Chapter 11 plan October 27, 2011. **Exhibit 2**.

7. **Wong** is the owner of the Subject Property.

8. **Defendant** is a limited liability corporation organized under the laws of the State of Delaware with its headquarters in Greenville, South Carolina. According to information available on the website of the California Secretary of State, **New Penn Financial LLC's** Agent for Service of Process is CSC – Lawyers Incorporating Service, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

9. **New Penn Financial, LLC** holds a lien secured by a first deed of trust against the **Subject Property**. This lien is known by **Defendant** as account 0570223572.

## III. HISTORY

10. **Wong** has filed for relief in the underlying adversary proceeding based on **Defendant's** breach of **Wong's** confirmed Chapter 11 plan of reorganization and actions taken by **Defendant** in contempt of this Court for violations of the terms of **Wong's** confirmed chapter 11 plan of reorganization based on 11 U.S.C. § 105.

11. **Wong** seeks actual and consequential damages for the actions of **Defendant**.

12. **Wong** has filed an adversary proceeding seeking further relief in this matter; case number 18-03018 on April 18, 2018. No hearing has yet been held.

- 4 -

APPLICATION FOR INJUNCTIVE RELIEF

Adversary No. 18-03045
Case # 10-33425-DM-11

Case: 18-03045   Doc# 3   Filed: 08/03/18   Entered: 08/03/18 14:09:04   Page 4 of 8

13. **Wong** seeks this preliminary injunction to block a foreclosure sale planned for April 26, 2017 on the **Subject Property**.

14. No hearings have yet been set in the adversary proceeding.

## IV.  STATEMENT OF FACTS

15. At the time of filing, Wong's mortgage on the Subject Property was approximately 12 months in arrears.

1. At the time of confirmation, the first deed of trust on the Subject Property was held by BAC Home Loan Servicing/Bank of New York. **Exhibit 1, ¶ 3.3**. This obligation was classified as "Class C." *Id.*

2. Pursuant to the confirmed plan, this class was to be treated as follows:

   1) The principal balance on the Effective Date of the Plan shall be $620,588, as per the court's order dated November 19, 2010 valuing the property at $630,000 but reduced by senior property taxes in the amount of $9,412, pursuant to Revenue and Taxation Code section 2192.1,
   2) The note shall be **contractually current**,
   3) The Class will retain its lien on the real property of the debtor in the above principal balance until fully paid under the terms of this plan, except that upon entry of a discharge in Debtor's Chapter 11 case, the lien avoided in part by court's November 19, 2010 order valuing real property collateral shall be void for all purposes and upon application by Debtor, the court will enter an appropriate form of judgment voiding the lien as provided herein and in the court's order unless the Chapter 11 case is dismissed or converted to one under another chapter before Debtor obtains a discharge or completes plan payments, in which case the order shall cease to be effective and the lien shall be retained to the extent applicable under non-bankruptcy law, and upon application by the class member, the court will enter an appropriate form of judgment restoring the lien.

   In the event of a dispute over the amount due, plan provisions concerning disputed claims shall apply.

   **Exhibit 1, ¶ 7.2** (**emphasis added**).

3. The subject loan has been transferred from BAC Home Loan Servicing/Bank of New York at least once and is currently serviced by **Defendant**.

16. Since the confirmation of his plan **Wong** has continued to make regular, monthly, automatic payments to the appropriate servicer of the mortgage.

17. In or around November 2016, **Defendant** began returning the funds **Wong** automatically transmitted.

18. **Wong** received an Order from this Court approving his Motion for Discharge on November 16, 2016. **Exhibit 3**.

19. Because **Defendant** will no longer accept his monthly payments, **Wong** is now approximately twenty-three (23) months in arrears on the **Subject Property** mortgage.

20. Although **Wong** has reached out, both personally and through counsel, to **Defendant** to attempt to become current on this obligation, **Defendant** erroneously asserts that **Wong** is over 23 months in arrears and demands **Wong** pay at least $63,773.70 to reinstate his loan.

21. Based on investigation by **Wong** into information provided by **Defendant** regarding the accounting of this mortgage, **Wong** alleges **Defendant** has not followed the terms of the confirmed Chapter 11 plan and failed to reinstate the subject mortgage through failing to adjust the due date of the payments made against the mortgage.

22. Due to **Defendant's** failure to properly follow the terms of the Chapter 11 plan on Class C claims, **Defendant** now asserts that **Wong** is more than 23 months in arrears and demands a payment of $63,773.70 to reinstate the mortgage.

23. Although **Wong** stands ready to tender the current eighteen (18) months of arrears, **Defendant** refuses to accept this amount in reinstatement and continues to demand payment of excessive arrears.

- 6 -

APPLICATION FOR INJUNCTIVE RELIEF

Adversary No. 18-03045
Case # 10-33425-DM-11

Case: 18-03045   Doc# 3   Filed: 08/03/18   Entered: 08/03/18 14:09:04   Page 6 of 8

24. **Defendant** has scheduled a foreclosure sale of the Subject Property for August 8, 2018.

**DEFENDANT HAS SCHEDULED A FORECLOSURE SALE FOR AUGUST 8, 2018 AND REFUSES TO DELAY THE SCHEDULED SALE PENDING RESOLUTION OF THE UNDERLYING ACCOUNTING ERRORS**

25. **Wong** has attempted personally and through counsel, to resolve the accounting errors committed by **Defendant** that have resulted in **Wong** being unable to reinstate his mortgage with **Defendant**.

26. Resolving the underlying accounting errors would allow **Wong** to immediately reinstate his mortgage through paying the arrears accrued on the **Subject Property** that have accrued since September 2017. Although the result of the refusal by **Defendant** to accept timely payments, these arrears are legitimately owed to **Defendant**.

27. Although the arrears on the **Subject Property's** mortgage accrued since September 2017 are legitimate, **Defendant's** failure to properly reinstate the underlying mortgage in conformity with **Wong's** confirmed Chapter 11 plan renders **Wong** incapable of reinstating the mortgage.

**WHEREFORE**, Glenn Davis Wong, plaintiff, prays pursuant to Rule 65 of the Federal Rules of Civil Procedure as incorporated by Federal Rule of Bankruptcy Procedure 7065, for a **temporary restraining order** and **preliminary injunction**, restraining and enjoining **Defendant**, its attorneys, agents and employees and successors from:

1. Conducting the foreclosure sale of the **Subject Property** currently scheduled for April 26, 2018;

2. Continuing foreclosure procedures related to the **Subject Property** until such time as **Defendant** has corrected its accounting and properly reinstated the due date of payments received from **Wong** following confirmation of his Chapter 11 plan.;

- 7 -

APPLICATION FOR INJUNCTIVE RELIEF

Adversary No. 18-03045
Case # 10-33425-DM-11

Case: 18-03045  Doc# 3  Filed: 08/03/18  Entered: 08/03/18 14:09:04  Page 7 of 8

3. Charging **Wong** for legal fees or late charges related to the foreclosure actions against the **Subject Property** until such time as the underlying discrepancy has been fully adjudicated or otherwise resolved

4. Charging **Wong** late fees related to improperly refused payments accounted arrears against the **Subject Property** until such time as the underlying accounting discrepancies have been fully adjudicated or otherwise resolved

5. That this Court order that **Defendant** is liable to **Wong** for penalties of $100.00 per day until such time as **Defendant** has properly reinstated the mortgage held by **Defendant** on the **Subject Property**, reversed any fees related to the improper refusal of monthly payments and have provided proof of such reversal to **Wong** and his Counsel.

6. **Wong** requests until that, such time as these matters are resolved, he be released from the obligation to pay late fees or other fees accruing due to erroneously assessed arrearages.

7. **Wong** also requests that this Court issue a Preliminary Injunction codifying the above requested relief lasting until such time as the matters at issue in this case and **Wong's** adversary proceeding is resolved by this Court.

oo0oo

**DATED:** <u>August 3, 2018</u>

<u>/s/ Geoffrey E. Wiggs</u>
GEOFFREY E. WIGGS
Attorney for Glenn Davis Wong

- 8 -

APPLICATION FOR INJUNCTIVE RELIEF

Adversary No. 18-03045
Case # 10-33425-DM-11

Case: 18-03045    Doc# 3    Filed: 08/03/18    Entered: 08/03/18 14:09:04    Page 8 of 8